UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH LEE KAISER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-95-HAB-SLC |
| STEUBEN COUNTY JAIL, | |
| Defendant. | |

OPINION AND ORDER

Joseph Lee Kaiser, a pretrial detainee proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give the complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Kaiser is a detainee at the Steuben County Jail awaiting trial. He alleges that on five occasions in February 2021, guards working the night shift did not wear their masks. He believes this put him in danger of contracting COVID-19, although there is

no indication from the complaint that he actually caught the disease. He states that the guards' behavior was "extremely improper" and in violation of local health regulations. He seeks compensatory and punitive damages for the stress and anxiety their actions caused him.

Because Mr. Kaiser was a pretrial detainee when these events occurred, his claim arises under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. However, "negligent conduct does not offend the Due Process Clause," so allegations of negligence or even gross negligence will not suffice. *Id.* at 353.

The conduct Mr. Kaiser describes was understandably concerning to him, but he has not alleged a plausible Fourteenth Amendment claim. It is clear from the complaint and attachments that the jail had a policy requiring guards to wear masks. At most he describes a few isolated incidents wherein guards working the night shift did not comply with the mask requirement. There is no plausible basis in the complaint to infer anything more than negligence on the part of the guards for failing to wear their masks at all times. Nor does he include factual content to plausibly suggest that he actually came into close physical contact with these guards. To the contrary, he attaches a document reflecting that during at least one of the incidents, he was in his cell "with the

2

door closed."¹ (ECF 1 at 9.) The other attachments reflect that when Mr. Kaiser raised this concern, supervisory personnel at the jail tried to identify which guards were not wearing masks and spoke with them to correct the issue. He believes that the guards failed to follow local "health regulations" when they did not wear their masks, but a violation of state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

Assuming Mr. Kaiser could overcome these barriers, there are other problems with his complaint. There is no indication from the complaint that he actually contracted the disease or otherwise suffered a physical injury as a result of the guards' actions, and the Prison Litigation Reform Act precludes him from pursuing a claim premised solely only on emotional suffering. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Finally, he does not name any viable defendant, and instead names only the "Steuben County Jail." The jail is a building, not a person or a

---

¹ The Center for Disease Control recommends wearing masks in a correctional setting when individuals cannot remain at least six feet apart. Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Apr. 7, 2021). The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

policy-making body that can be held liable for constitutional violations. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Therefore, the current complaint does not state a plausible claim for relief. In the interest of justice, the court will allow Mr. Kaiser to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible claim, consistent with the allegations he has already made. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **May 10, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on April 12, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT