UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSEPH LEE KAISER,

Plaintiff,

v.                                      CAUSE NO. 1:21-CV-95-HAB-SLC

STEUBEN COUNTY JAIL,

Defendant.

OPINION AND ORDER

Joseph Lee Kaiser, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 6.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give the complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Kaiser is a pretrial detainee at the Steuben County Jail. The court screened his original complaint and determined that it did not state a plausible claim for relief against any defendant. (ECF 5.) The court afforded him until May 10, 2021, to file an

amended complaint, and cautioned him that if he did not do so, his case would be dismissed pursuant to 28 U.S.C. § 1915A. (*Id.*) He responded by filing an amended complaint. (ECF 6.)

As with his original complaint, he alleges that certain guards are "not following jail policy requiring guards to wear masks" at all times. He claims these guards are putting him at risk of contracting COVID-19, which has caused him anxiety, difficulty sleeping, and loss of "interest in pleasurable activities." He claims that when he has tried to talk to the guards about it, they allegedly responded that they did not care about his concerns. He attaches a document showing that he complained to a supervisor about an incident occurring in March 2021, wherein one of the guards was not wearing a mask. After getting more information from Mr. Kaiser to determine the identity of the guard, the supervisor responded, "This matter has been addressed." Mr. Kaiser does not allege that he has contracted the disease, or that he suffers from an underlying health issue that would cause him heightened concerns about the disease's potential lethality. He names six guards as defendants, seeking $1 million in damages for the stress and anxiety their actions have caused him.

Because Mr. Kaiser is a pretrial detainee, his claim must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was "objectively unreasonable." *Miranda*,

900 F.3d at 353–54. However, "negligent conduct does not offend the Due Process Clause," so allegations of negligence or even gross negligence will not suffice. *Id.* at 353.

The conduct Mr. Kaiser describes is not the type of purposeful or reckless conduct that would give rise to a Fourteenth Amendment violation. At most, he alleges that some of the jail guards have not always been fastidious in their use of masks and that they have brushed off his concerns. There is no indication this was done with the intention of causing harm to Mr. Kaiser or other detainees. Indeed, if the guards received a COVID vaccine, they would not be considered at risk of spreading the disease or required to wear masks under applicable guidelines issued by the Center on Disease Control.[1] Furthermore, it is clear from the amended complaint that jail officials have adopted a mask requirement, and that when Mr. Kaiser brought to their attention the fact that a guard was not wearing a mask, they took his complaint seriously. (ECF 6 at 6.) His allegation that some guards do not always follow the jail policy does not itself give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). He has not stated a plausible Fourteenth Amendment claim. *See Leeper v. Cty. of Sacramento*, No. 2:20-CV-0960 AC P, 2020 WL 3840458, at *2 (E.D. Cal. July 8, 2020) (pretrial detainee's generalized concerns that he might be

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html (last visited May 17, 2021).

exposed to COVID-19 due to the failure to correctional officials to adhere to social distancing, masking-wearing, and other protocols did not state viable Fourteenth Amendment claim); *Mitchell v. Wolf*, No. 20-CV-1183 (JLS), 2020 WL 5793298, at *3 (W.D.N.Y. Sept. 29, 2020) (no Fourteenth Amendment violation where jail was taking steps to decrease the risks of spreading the disease and plaintiff did not allege that he was particularly vulnerable to effects of COVID-19).

Moreover, Mr. Kaiser does not allege that he contracted the virus or suffered some other physical injury as a result of the defendants' actions. The Prison Litigation Reform Act precludes him from pursuing a claim premised solely only on emotional suffering. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). His allegations about stress that has disrupted his sleep and caused him to lose interest in pleasurable activities does not satisfy the standard. Nor is there any indication the defendants were aware that their occasional failure to wear a mask would cause disruptions to Mr. Kaiser's sleep or the other issues he outlines. *Gibson v. Paquin*, 590 F. App'x 635, 637 (7th Cir. 2015) (dismissal of prisoner's claim was proper in absence of allegations "asserting any serious harm that the prison staff knew about").

Therefore, the current complaint does not state a plausible claim for relief. The court has already given Mr. Kaiser an opportunity to replead his claims. The court finds no basis to conclude that if given another opportunity, he could state a viable constitutional claim, consistent with the allegations he has already made. *See Abu-*

*Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013).

For these reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED on May 18, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT